UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                                                    ORDER OF
                                                   DETENTION PENDING TRIAL
          v.                                      Case Number: 3:24-MJ-009 (TWD)

JESUS ROMERO-HERNANDEZ,

                Defendant.
_____

      On January 31, 2025, Defendant made his initial appearance in this Court on a criminal complaint charging one count of a violation of Title 8, United States Code, Section 1326(a). On February 4, 2025, I held a detention hearing as requested by Defendant in accordance with 18 U.S.C. § 3142(f). At that hearing, I issued an oral order detaining Defendant until trial, and indicated that a written decision would follow. This is that decision.

## Part I – Grounds for Detention Hearing

1. _____

    A. \_\_\_\_ The Government requested the hearing; and

    B.    The case involves:
    \_\_\_\_\_ 1. A crime of violence as defined in 18 U.S.C. § 3156(a)(4), a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed; or
    \_\_\_\_\_ 2. An offense for which the maximum sentence is life imprisonment or death; or
    \_\_\_\_\_ 3. An offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 *et seq.*); or
    \_\_\_\_\_ 4. Any felony if Defendant has been convicted of two or more offenses described in paragraphs 1 through 3 above, or two or more State or local offenses that would have been offenses described in paragraphs 1 through 3 above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
    \_\_\_\_\_ 5. Any felony that is not otherwise a crime of violence but that involves (1) a minor victim,(2) the possession or use of a firearm or destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon, or (3) a failure to register under 18 U.S.C. § 2250; or

2. __X__

    A.    Either:
    __X__  1.    The Government requested the hearing; or
    _____  2.    The Court *sua sponte* found the hearing necessary; and

    B.    The case involves either:
    __X__  1.    A serious risk that Defendant will flee or
    _____  2.    A serious risk that Defendant will obstruct or attempt to obstruct justice, or threaten, injure or intimidate a prospective witness or juror.

### Part II – Description of Charge

The offense charged is the following: Title 8 U.S.C. § 1326(a) - Re-Entry into the United States after Previous Deportation or Removal.

### Part III - Pretrial Services Report

A.    Pretrial Services did not interview the Defendant:
    1.    Pretrial Services did issue a written Pretrial Services Report (but did not interview Defendant) dated February 3, 2025.
    2.    Counsel did review that report with Defendant.
    3.    Counsel requested no edits to the report.

B.    This Order incorporates by reference the facts in that written Pretrial Services Report, to the extent those facts are uncontroverted.

### Part IV – Presumption

A.    This is [ ] or is not [ X] a case in which there arises a rebuttable presumption of flight [ ] and/or danger [], as described in 18 U.S.C. § 3142(e).[1]

B.    If this is a presumption case, the grounds for the presumption(s) are that either:

    _____  1.    This is a case described above in Part I.B.1.-5.; and the Court finds that:

        _____ (a) Defendant has been convicted of a Federal offense that is described above in Part I.B.1.-5., or of a State or local offense that would have been an offense described above in Part I.B.1.-5. if a circumstance giving rise to Federal jurisdiction had existed; and

---

[1] The Court notes that, even in a presumption case, the Government retains the burden of proof by clear and convincing evidence as to danger, and by a preponderance of the evidence as to flight.

    \_\_\_\_\_ (b) The offense described above in Part IV.B.1.(a) was committed while Defendant was on release pending trial for a Federal, State or local offense; and

    \_\_\_\_\_ (c) A period of not more than five years has elapsed since the date of conviction, or the release of Defendant from imprisonment, for the offense described above in Part IV.B.1.(a), whichever is later;[2] or

\_\_\_\_\_ 2. The Court finds there is probable cause to believe that Defendant committed:

    \_\_\_\_\_ (a) An offense for which a maximum term of imprisonment of ten years or more is prescribed in one of the three statutes listed above in Part I.B.3.; or

    \_\_\_\_\_ (b) An offense under 18 U.S.C. §§ 924(c), 956(a) or 2332b; or

    \_\_\_\_\_ (c) An offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed; or

    \_\_\_\_\_ (d) An offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.[3]

C. If this is a presumption case, the Court finds that the presumption of flight was [ ] or was not [ ] rebutted, and the presumption of danger was [ ] or was not [ ] rebutted. The Court reaches this conclusion after carefully considering any "rebuttal" evidence defense counsel proffered during the detention hearing, the entire record of which this Order hereby incorporates by reference.

### Part V – Consideration of Other Factors in 18 U.S.C. § 3142(g)

Irrespective of the presumption issue, the Court has weighed the four factors listed in 18 U.S.C. § 3142(g), including:
(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, is a Federal crime of terrorism, involves a minor victim, or involves a controlled substance, firearm, explosive or destructive device;
(2) The weight of evidence against Defendant;

---

[2] If all of these three conditions have been met, then the presumption that arises is one of danger to the community. 18 U.S.C. §§ 3142(e)(1)-(3).

[3] If one of these four conditions has been met, then the presumptions that arise are both of danger to the community and risk of flight. 18 U.S.C. § 3142(e).

  (3) The history and characteristics of Defendant, including:
    (a) Defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (b) whether, at the time of the current offense or arrest, Defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
  (4) The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

  Of particular importance to the Court was the following: Defendant has been charged with unlawful re-entry after removal from the United States. It is alleged that he has been physically removed from the United States on at least seven prior dates in the span of just over two months in 2016. He has a significant criminal history with charges of at least nine misdemeanors and two felonies. He has two misdemeanor convictions, one of which was for an illegal entry into the United States. Four misdemeanor charges are still pending in other state jurisdictions including for assault and domestic violence. Most of his prior charges involve assault and battery including domestic violence, and assaults on police officers and/or corrections officers, and further charges for criminal mischief related to significantly damaging a hotel room. Three bench warrants have been issued for him for failure to appear in Court, one of which is still active. He has a history of mental health issues. He has no residential or property ties to the Northern District of NY, other than his vague assertion that he has an apartment in Ithaca, New York, but he did not present any proof of a lease or rental agreement indicating that he may still reside there. He has used an alias at least three times in the past when he was arrested. He has periodically been homeless. There is an immigration detainer on him, and he is facing possible deportation. He is a citizen of Mexico, and he has not presented any information that he is lawfully in the United States. He is facing a maximum of two years of imprisonment and a $250,000 fine if convicted of the pending offense. The weight of the evidence is strong in that the charges are based on Department of Homeland Security records which include a fingerprint match. Based on the Court's careful consideration of these factors, and the remaining factors, the Court concludes that, by a preponderance of the evidence Defendant presents a risk of non-appearance in Court as required, and by clear and convincing evidence that Defendant presents a danger to the community such that Defendant should continue to be detained until trial.

### Part VI – Consideration of Alternative Conditions of Release

  Having found that Defendant presents a risk of flight [X] and/or danger to the community [X], the Court must determine whether (despite this risk and/or danger) there is any condition or combination of conditions that could reasonably insure Defendant's return to court [X] and/or

the safety of the community [X].[4]  The Court has carefully considered the alternatives to detention, but, given the findings set forth above, concludes that none of these alternatives are appropriate, or will reasonably ensure Defendant's return to court [X] and/or the safety of the community [X].

### Part VII – Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 11, 2025
Syracuse, New York

*[signature]*
Thérèse Wiley Dancks
United States Magistrate Judge

---

[4] A list of some of the conditions available is set forth in 18 U.S.C. §§ 3142(c)(1)(B)(i)-(xiv).